Kevin KING, Plaintiff–Appellee,

v.

Mark E. VERDONE and Noel Brown, Defendants–Appellants.

Eric Stewart, Peter Murphy and Captain Baynes, Defendants.

No. 00–7629.

United States Court of Appeals, Second Circuit.

Jan. 16, 2001.

Gregory T. D'Auria, Ass't Att'y Gen., Hartford, CT, for appellants.

Norman A. Pattis, Williams & Pattis, New Haven, CT, for appellee.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

█ Defendants Mark E. Verdone and Noel Brown ("defendants") appeal from a final judgment entered in the United States District Court for the District of Connecticut following a jury trial before Dominic J. Squatrito, *Judge,* awarding plaintiff Kevin King, a Connecticut prisoner, $75,000 in compensatory damages and $300,000 in punitive damages on his claim that defendants, state corrections officers ("C/O's"), subjected him to excessive force. On appeal, defendants contend principally that they are entitled to a new trial on the ground that the trial court's failure to answer certain questions sent by the jury during its deliberations perpetuated jury confusion on the matter of which party had the burden of proof. Finding no basis for reversal, we affirm.

█ "It is the responsibility of the trial judge to provide the jury with sufficient instruction to enable it to assess the evidence within the proper legal framework and to reach a rational verdict." *United States v. Parker,* 903 F.2d 91, 101 (2d Cir.), *cert. denied,* 498 U.S. 872, 111 S.Ct. 196, 112 L.Ed.2d 158 (1990). Supplemental instructions in response to a jury request for clarification require careful consideration because they are likely to have special impact on the jury. *See, e.g., Bollenbach v. United States,* 326 U.S. 607, 611–12, 66 S.Ct. 402, 90 L.Ed. 350 (1946); *Arroyo v. Jones,* 685 F.2d 35, 39 (2d Cir.) (supplemental instructions "enjoy special prominence in the minds of jurors" because they are "freshest in their minds," "isolated from the other instructions they have heard," "received by the jurors with heightened alertness," and "generally have been given in response to a question from the jury"), *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982). "The trial judge is in the best position to sense whether the jury is able to proceed properly with its deliberations, and he has considerable discretion in determining how to respond to communications indicating that the jury is experiencing confusion." *United States v. Parker,* 903 F.2d at 101; *see,*

*e.g., United States v. Read,* 658 F.2d 1225, 1241–42 (7th Cir.1981).

In the present case, the jury, during its deliberations, sent the court a note asking: "Can plaintiff subpeona [*sic*] witness [*sic*] (i.e. state troopers) other C/O's & do they have to come in & testify? Or can they refuse to come to court." The court properly informed the parties of the jury's note and invited their comments. Defense counsel urged the court to answer the questions, saying they were "clear-cut questions. It goes to establishing burden of proof, and that is clearly where they're trying to go with this, and the answer is yes, the plaintiff could have subpoenaed anyone he wanted, and, yes, they would have to come and testify and they could not refuse to testify." (Trial Transcript, February 4, 1999, at 92.) King's attorney argued that the answer was not so clear-cut, given imponderables relating to, *inter alia,* the ability of the corrections officers, if subpoenaed, to refuse to answer questions by invoking the privilege against self-incrimination. The court found that the jury's questions did not bespeak confusion as to the burden of proof, noted that it had previously given the jury adequate instructions as to the burden of proof, and concluded that a direct response to the jury's questions would be inappropriate, given the prominence enjoyed by supplemental instructions. Accordingly, in order not to prejudice the jurors toward either side or invite speculation, the court responded simply that the jury was required to decide the case based on the evidence that had been presented to it and the legal principles on which it had been instructed.

In its initial instructions, the district court had amply and properly charged the jury on burden of proof, instructing, *inter alia,* that "[i]n order to prove his cruel and unusual punishment claim, the burden is upon the plaintiff to prove each of the following [elements] by a preponderance of the evidence" (*id.* at 62). In all the circumstances, the court's response to the jury's question was entirely within the proper bounds of discretion.

We have considered all of defendants' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.